USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/20/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ZBIGNIEW ZIELINSKI,

                Plaintiff,

-against-

LINMAR CONSTRUCTION CORP., et al.,

                Defendants.

**ORDER OF DISMISSAL**

**1:20-CV-7807 (KHP)**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE:**

    In this action under the Fair Labor Standards Act and the New York Labor Law, which is before this Court on the consent of the parties pursuant to 28 U.S.C. § 636(c), the parties, having reached an agreement in principle to resolve the action, have placed their proposed settlement agreement before this Court for approval. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 1999 (2d Cir. 2015) (requiring judicial fairness review of FLSA settlements). The parties have also submitted a letter detailing why they believe the proposed settlement agreement is fair, reasonable, and adequate. (ECF No. 27.) This Court has reviewed the parties' submissions in order to determine whether the proposed agreement represents a reasonable compromise of the claims asserted in this action, and, in light of the totality of the relevant circumstances, including the representations made in the parties' letter, the terms of the proposed settlement agreement, and an October 20, 2021 telephone conference with the parties discussing the proposed settlement agreement, it is hereby ORDERED that:

    1.    The Court finds that the terms of the proposed settlement agreement are approved as fair and reasonable as modified/clarified at the October 2021 conference wherein

the parties stipulated that the covenant not to sue is co-extensive and not broader than the terms of the release in paragraph 2 and that paragraph 6 does not preclude Plaintiff from disclosing truthful information about his wages and hours.

2. The Court notes that this Order does not incorporate the terms of the parties' proposed agreement. Further, the settlement agreement does not recite that this Court will retain jurisdiction to enforce its terms, and this Court has made no independent determination to retain jurisdiction. Accordingly, nothing in this Court's approval of the settlement under *Cheeks* should be construed as such a determination. *See Hendrickson v. United States*, 791 F.3d 354, 359-60 (2d Cir. 2015) (finding that a federal court will retain ancillary jurisdiction to enforce a settlement only where it has (1) expressly retained jurisdiction over enforcement of the agreement, or (2) incorporated the terms of the parties' settlement agreement in a court order); *see also Mao v. Mee Chi Corp.*, No. 15-cv-1799 (JCF), 2016 WL 6754342, at *1 (S.D.N.Y. Feb. 11, 2016) (finding no retention of jurisdiction in the context of judicial approval of an FLSA settlement, on the ground that "[i]t is not enough that the court somehow have given the settlement its 'judicial imprimatur'" (citing *Hendrickson*, 791 F.3d at 358-59)). As a result of the Court's approval of the parties' proposed settlement, this action is hereby discontinued with prejudice and without costs.

3. The Clerk of Court is directed to close this case on the Docket of the Court.

SO ORDERED.

Dated: October 20, 2021
New York, New York

*Katharine H. Parker*

KATHARINE H. PARKER
United States Magistrate Judge